UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DARNEL POWELL,

               Plaintiff,

       v.                                     **MEMORANDUM AND ORDER**
                                                  23-CV-826 (RPK) (PK)

LISA MALDONADO, ANN ALEXANDER,
WESTBURY TEACHERS ASSOCIATION,
NEW YORK STATE DEPARTMENT OF
EDUCATION, WESTBURY UNION FREE
SCHOOL DISTRICT, WESTBURY UNION
FREE SCHOOL FREE – BOARD OF
TRUSTEES,

               Defendants.
------------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

This is the fourth case that *pro se* plaintiff Darnel Powell has brought alleging that he was wrongfully terminated from his job as a middle school principal. *See Powell v. Westbury Union Free Sch. Dist.*, No. 12-CV-1179 (JS) (AKT); *Powell v. N.Y. State Dep't of Educ.*, No. 18-CV-7022 (RPK) (PK); *Bey v. Westbury Union Free Sch. Dist.*, 21-CV-2048 (RPK) (PK). Plaintiff brings claims against Lisa Maldonado, Ann Alexander, Westbury Teachers Association, Westbury Union Free School District, Westbury Union Free School Free Board of Trustees, and the New York State Department of Education, alleging sexual battery, negligence, and negligent hiring, supervision, and retention. *See* Compl. (Dkt. #1). The defendants have moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6). *See* Maldonado Mem. in Supp. of Mot. to Dismiss (Dkt. #25); NYSED Mem. in Supp. of Mot. to Dismiss (Dkt. #37-1); WTA Mem. in Supp. of Mot. to Dismiss (Dkt. #40). For the reasons stated below, the defendants' motions to dismiss are granted.

1

**BACKGROUND**

The following facts are drawn from the complaint and assumed true for the purposes of this order.

During the 2008–2009 school year, plaintiff was a principal at Westbury Middle School. *See* Compl. ¶ 25. That year, Lisa Maldonado, a guidance counselor at the school, accused plaintiff of sexual harassment. *Id*. ¶¶ 13, 20, 41. The school district appointed an assistant superintendent, Dr. Root, to investigate the allegation. *Id*. ¶ 21. Dr. Root was unable to find sufficient evidence to support a finding of wrongdoing but recommended the appointment of an independent investigator. *Id*. ¶ 24.

The school district then hired a law firm, Black & Black, as an independent investigator. *Id*. ¶ 28. Plaintiff alleges that the district hired the independent investigator under the "influence and pressure" of Michael Burger, a teacher's union member who allegedly "led a defamatory campaign against" plaintiff "for the sole purpose of securing [his] termination." *Id*. ¶¶ 27–28. Plaintiff also alleges that Bronwyn Black, the law firm's investigator, had close ties with members of the school district, *id*. ¶ 28, "maintained an adversarial attitude and hostile demeanor" towards plaintiff, and "demonstrated bias throughout the investigation," *id*. ¶ 30.

During the course of the investigation, Black interviewed plaintiff, Maldonado, and others, including sixth-grade teacher Ann Alexander. *Id*. ¶¶ 14, 29. Alexander also accused plaintiff of sexual harassment. *Id*. ¶ 31.

As a result of Black's investigation, the school district charged plaintiff "with several counts of misconduct alleging sexual offense and malfeasance of office." *Id*. ¶ 33. In January 2010, the school district began a disciplinary proceeding against plaintiff under New York

Education Law § 3020-a, *id.* ¶ 35, which creates the framework for adjudicating disciplinary charges against tenured school employees, *see* N.Y. Educ. Law § 3020-a.

Plaintiff alleges that the Section 3020-a proceeding violated his due process rights because of inadequate testing of witness credibility, Compl. ¶ 38, and because the Section 3020-a arbitrator failed to "properly evaluate[] or accord[] the appropriate weight" to Maldonado's and Alexander's "pecuniary interest[s] in the outcome of the proceeding," *id.* ¶¶ 42–43, among other grounds.

Based on the arbitrator's finding that plaintiff was guilty of misconduct, the New York State Commissioner of Education issued a "Notice of Substantial Question of Moral Character" pursuant to Part 83 of the State's education regulations, 8 N.Y.C.R.R. § 83.4(a). Compl. ¶ 83. That regulation provides for "a hearing before an administrative panel to determine whether a claim of misconduct against a teaching license-holder raises a reasonable question of moral character." *Mudge v. Zugalla*, 939 F.3d 72, 75 (2d Cir. 2019). At that hearing, plaintiff alleges that witnesses testified that the school district appeared to be "railroading" plaintiff, Compl. ¶ 84, and that Alexander had received money from the Westbury Teachers Association to make false sexual harassment claims against him, *id.* ¶ 85.

In February 2023, plaintiff filed a complaint, bringing claims of sexual battery, negligence, and negligent hiring, supervision, and retention. *See id.* ¶¶ 86–117. Plaintiff does not allege that any defendants committed sexual battery against him. Rather, he appears to allege the sexual battery claim against himself, *see id.* at 21 (listing "Count 1" as "sexual battery against plaintiff Darnel Powell"), as a basis for applying the statute of limitations waiver under the New York Adult Survivors Act, N.Y. CPLR § 214-j, *see* Compl. ¶ 2. Plaintiff alleges that the Westbury Teachers Association, the New York State Department of Education, and Westbury Union Free School District breached their duty to protect plaintiff from the allegedly false sexual assault accusations

3

lodged by Maldonado and Alexander.  *Id*. ¶¶ 90–103.  Plaintiff further alleges that the same

defendants negligently hired employees who had a "propensity" for making false sexual assault

accusations for personal gain, and that those defendants negligently supervised and retained

Maldonado and Alexander by failing to prevent them from "wrongfully" accusing plaintiff of

sexual assault.  *Id*. ¶¶ 104–117.

The defendants have moved to dismiss the complaint.  *See* Maldonado Mem. in Supp. of

Mot. to Dismiss; NYSED Mem. in Supp. of Mot. to Dismiss; WTA Mem. in Supp. of Mot. to

Dismiss.

### STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), a plaintiff

must show that the Court has "the statutory or constitutional power to adjudicate" the action.

*Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 417 (2d Cir. 2015)

(citation omitted).  "The plaintiff bears the burden of proving subject matter jurisdiction by a

preponderance of the evidence."  *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638

(2d Cir. 2005).  In deciding a Rule 12(b)(1) motion, the court "must take all facts alleged in the

complaint as true."  *Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (quoting

*Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000)).  "But where jurisdictional facts are placed in

dispute, the court has the power and obligation to decide issues of fact by reference to evidence

outside the pleadings, such as affidavits."  *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*,

752 F.3d 239, 243 (2d Cir. 2014) (internal quotation marks and alteration omitted) (quoting *APWU*

*v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003)).

When a plaintiff is proceeding *pro se*, the complaint must be "liberally construed, and . . .

however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citations omitted).

## DISCUSSION

A federal district court's original subject matter jurisdiction is limited to those claims that present federal questions, *see* 28 U.S.C. § 1331, or involve parties of diverse citizenship and damages that exceed $75,000, *see* 28 U.S.C. § 1332. *See Barber v. U.S. Attorney's Off. for N. Dist.*, 166 F. App'x 504, 505 (2d Cir. 2006) (citing *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 363 (2d Cir. 2000)). Because plaintiff has not sufficiently alleged subject matter jurisdiction under either basis, the complaint is dismissed.

## I. Federal-Question Jurisdiction

The plaintiff's allegations do not suggest a basis for federal question jurisdiction under Section 1331. Federal-question jurisdiction provides federal district courts with subject matter jurisdiction over suits "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the well-pleaded complaint rule, "federal-question jurisdiction generally 'exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *State by Tong v. Exxon Mobil Corp.*, 83 F.4th 122, 132 (2d Cir. 2023) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

Each of plaintiff's alleged claims—sexual battery, negligence, and negligent hiring, supervision, and retention, *see* Compl. ¶¶ 86–117—arises under state law, not federal law. *See, e.g.*, *Dyce v. Macy's Inc.*, No. 23-CV-8730 (PKC) (SJB), 2023 WL 8473840, at *2 (E.D.N.Y. Dec. 7, 2023) ("A claim for negligence arises under state law, not federal law."); *Republic of Iraq v. ABB AG*, 768 F.3d 145, 172 (2d Cir. 2014) (concluding that where a plaintiff asserts "nonstatutory wrongs describ[ing] traditional types of torts by private entities," the plaintiff's claims arise "under

5

state law rather than federal common law," unless the plaintiff can identify a "uniquely federal interest in the rules of decision to be applied," or a "conflict between a federal policy or interest and the use of state law").  Because plaintiff only alleges state law claims, no federal-question jurisdiction exists.

Plaintiff's complaint is not best read to contain an implicit Section 1983 claim that the Section 3020-a proceeding deprived plaintiff of property without due process in violation of the Fourteenth Amendment.  *See* Compl. ¶ 38 (alleging deprivation of due process).  Because of the obligation to read *pro se* "submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (citation omitted), I would construe plaintiff's complaint as raising a Section 1983 claim based on due process if such a claim were potentially viable.  But as this Court previously held in granting summary judgment to Maldonado, Alexander, and Westbury Union Free School District on just that claim, a Section 1983 claim premised on those allegations would be time-barred.  *See Bey v. Westbury Union Free Sch. Dist.*, No. 21-CV-2048 (RPK) (PK), 2022 WL 900615, at *8–10 (E.D.N.Y. Mar. 28, 2022).  And in another case brought by plaintiff, the Court dismissed a substantially similar Section 1983 claim brought against the New York State Department of Education because the Department "has sovereign immunity against money damages claims and claims for retrospective relief and is not a suable 'person' against whom prospective injunctive relief may be obtained under Section 1983." *Powell v. New York State Dep't of Educ.*, No. 18-CV-7022 (RPK) (PK), 2022 WL 900605, at *6 (E.D.N.Y. Mar. 28, 2022).  Because statute-of-limitations and *res judicata* principles would foreclose a claim under Section 1983 based on these facts, the obligation to read *pro se* submissions to raise their strongest arguments does not support interpreting plaintiff's complaint as impliedly invoking Section 1983.

Accordingly, the Court does not have federal-question jurisdiction over plaintiff's claims under Section 1331.

## II.       Diversity Jurisdiction

Plaintiff has not adequately pleaded subject matter jurisdiction based on diversity of citizenship.  Federal district courts may exercise diversity jurisdiction over a claim where the amount-in-controversy "exceeds the sum or value of $75,000," and complete diversity of citizenship exists between all plaintiffs and all defendants.  *See* 28 U.S.C. § 1332; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).  The parties are considered diverse if the dispute is between "citizens of different States," 28 U.S.C § 1332(a)(1), or between "citizens of a State and citizens or subjects of a foreign state" so long as the latter are not "lawfully admitted for permanent residence in the United States and are domiciled in the same State," *id*. at § 1332(a)(2).  As "[t]he party invoking federal jurisdiction," plaintiff "bears the burden of establishing that jurisdiction exists."  *Sharkey v. Quarantillo*, 541 F.3d 75, 82 (2d Cir. 2008) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Plaintiff has not adequately pleaded diversity of citizenship.  He comes closest to doing so in one of the civil cover sheets he has filed, which checks boxes indicating that while defendants are citizens of New York, plaintiff is a "Citizen or Subject of a Foreign Country."  *See* Civil Cover Sheet (Dkt. #1) (ECF p. 29).  But a plaintiff invoking diversity jurisdiction must plead the citizenship of the parties.  *See, e.g.*, *Viera v. Specialized Loan Servicing, LLC*, No. 20-CV-898 (BKS) (ML), 2022 WL 3716241, at *1 (N.D.N.Y. Aug. 29, 2022) (concluding that plaintiff's assertion of "subject-matter jurisdiction under the diversity jurisdiction statute" was inadequate "[s]ince plaintiff does not adequately allege her own citizenship or domicile"); *Long Beach Rd. Holdings, LLC v. Foremost Ins. Co.*, 75 F. Supp. 3d 575, 584 (E.D.N.Y. 2015) (concluding that

"diversity of citizenship" was not "a proper basis of subject matter jurisdiction" where the plaintiff limited liability company did "not set forth any allegations with respect to its structure or membership"); *Ganoe v. Lummis*, 662 F. Supp. 718, 723 (S.D.N.Y. 1987) ("Naked allegations that the parties are citizens of different states, absent an averment of the particular states of which the parties are citizens, are insufficient to meet the pleading requirement."), *aff'd*, 841 F.2d 1116 (2d Cir. 1988); *see also Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994) ("In a diversity case . . . it is not enough for the plaintiff to allege that the claim is within the diversity jurisdiction; the complaint must allege the citizenship of the parties and the amount in controversy.").

While plaintiff argues that defendants' motions to dismiss for want of subject matter jurisdiction should be denied because defendants have failed to demonstrate that he is *not* a foreign citizen, s*ee* Pl.'s Opp'n to Maldonado Mot. to Dismiss 4–5 (Dkt. #48), that argument gets the jurisdictional analysis backwards.  It is plaintiff's obligation to establish jurisdiction based on diversity, not defendant's obligation to show its absence.  Since plaintiff has not carried his "burden of demonstrating that the grounds for diversity exist" under Section 1332, *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322–23 (2d Cir. 2001) (citation omitted), and federal-question jurisdiction is lacking, defendants' motions to dismiss are granted.

**CONCLUSION**

Defendants' motions to dismiss are granted, and plaintiff's complaint is dismissed for lack of subject matter jurisdiction.  Plaintiff is granted leave to file an amended complaint that remedies the deficiencies noted above within thirty days.  If plaintiff fails to file an amended complaint within thirty days, judgment shall be entered, and the case shall be closed.

Although plaintiff paid the filing fee to bring the action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated:  February 7, 2024
        Brooklyn, New York