UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

DARNEL POWELL,

        Plaintiff,

    v.

LISA MALDONADO, ANN ALEXANDER, WESTBURY TEACHERS ASSOCIATION, NEW YORK STATE DEPARTMENT OF EDUCATION, WESTBURY UNION FREE SCHOOL DISTRICT, and WESTBURY UNION FREE SCHOOL FREE BOARD OF TRUSTEES,

        Defendants.

**MEMORANDUM AND ORDER**
23-CV-826 (RPK) (PK)

-------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

    This is the fifth case that plaintiff Darnel Powell has brought alleging that he was wrongfully terminated from his job as a middle school principal. *See Powell v. Westbury Union Free Sch. Dist.*, No. 12-CV-1179 (JS) (AKT); *Powell v. N.Y. State Dep't of Educ.*, No. 18-CV-2638 (RPK) (PK); *Powell v. N.Y. State Dep't of Educ.*, No. 18-CV-7022 (RPK) (PK); *Powell Bey v. Westbury Union Free Sch. Dist.*, 21-CV-2048 (RPK) (PK). Plaintiff's original complaint was dismissed for lack of subject-matter jurisdiction, with leave to amend. *See* Mem. & Order (Dkt. #93). Because plaintiff still fails to establish subject-matter jurisdiction, his amended complaint is dismissed, without leave to amend.

1

## BACKGROUND

The Court assumes the parties' familiarity with the factual background of plaintiff's claims, as set out in the Court's prior order. *See* Mem. & Order 2–4. The facts alleged in plaintiff's complaint and amended complaint are assumed true for the purpose of this decision.

Plaintiff, proceeding *pro se*, filed his original complaint in February 2023, bringing claims of negligence and negligent hiring, supervision, and retention against Lisa Maldonado, Ann Alexander, and the Westbury Union Free School District (collectively, the "District Defendants"), the New York State Department of Education, and the Westbury Teachers Association. *See* Compl. ¶¶ 3–8; 90–117 (Dkt. #1). The complaint also asserted "against plaintiff" a "sexual battery" claim wherein he denies having "cause[d] harm and offensive bodily sexual contact upon the person of defendants," specifically Maldonado and Alexander. *Id.* ¶¶ 1, 86–89 (capitalization altered); *see* Mem. & Order 3–4. The Court dismissed the complaint for lack of subject-matter jurisdiction. *See* Mem. & Order 9. Specifically, the Court held that plaintiff failed to establish federal-question jurisdiction because the complaint asserted only state-law claims and because sovereign immunity, "statute-of-limitations[,] and *res judicata* principles would foreclose a claim under [42 U.S.C. §] 1983." *Id.* at 5–7. Plaintiff also failed to establish diversity jurisdiction because he had not adequately pleaded that he was a "Citizen or Subject of a Foreign Country" diverse from defendants who "are citizens of New York." *Id.* at 7–8. Plaintiff was granted leave to amend. *Id.* at 9.

Plaintiff's amended complaint asserts substantially the same claims as the original complaint, against the same defendants. *See* Am. Compl. ¶¶ N–SS (Dkt. #97). The amended complaint, like the original complaint, invokes both federal-question and diversity jurisdiction. *Id.* at 2. Plaintiff alleges that defendants are United States citizens and that he is a foreign citizen—

2

specifically, that he is "a Moorish American National," was "born in the Moroccan Empire/Northwest Amexem currently known as the Americas," and "is not a citizen of the United States and New York State[] but [is doing business as] DARNEL POWELL in the United States and New York State political zone." *Id.* at 2–3, 6–7, 10–11. Attached to the amended complaint is a scan of plaintiff's "Allodial American National Identification Card," which lists plaintiff's domicile as "North America," provides a "Mailing Location" in New York, and describes plaintiff as "Moor American." *Id.*, Ex. D. Plaintiff also alleges, in asserting federal-question jurisdiction, that defendants violated "the Treaty of Peace and Friendship 1787" as well as plaintiff's Fifth Amendment right to due process and Sixth Amendment right of confrontation. *Id.* at 2, 6–8.

Defendants move to dismiss the amended complaint for lack of subject-matter jurisdiction, improper service, and failure to state a claim. *See* Mem. in Supp. of N.Y. State Educ. Dep't's Mot. to Dismiss ("NYSED Mot. to Dismiss") (Dkt. #98-1); Mem. in Supp. of Westbury Tchrs. Assoc. Mot. to Dismiss ("WTA Mot. to Dismiss") (Dkt. #41); Mem. in Supp. of District Defs.' Mot. to Dismiss ("District Defs.' Mot. to Dismiss") (Dkt. #100-7); Mar. 15, 2024 Order. Defendants argue, *inter alia*, that plaintiff's allegation of "Moorish" descent is insufficient to adequately plead diversity jurisdiction, that the treaty plaintiff invokes does not sustain a federal claim, and that the amended complaint fails to otherwise assert a federal claim for the same reasons explained in the Court's prior order dismissing the original complaint. NYSED Mot. to Dismiss 4–6; WTD Mot. to Dismiss 4–5; District Defs.' Mot. to Dismiss 3–7.

Plaintiff has submitted numerous filings opposing defendants' motions. *See, e.g.*, Resp. in Opp'n (Dkt. #111); May 28, 2024 Resp. to Mot. (Dkt. #117); June 20, 2024 Resp. to Mot. (Dkt. #124). Plaintiff has also submitted a document styled as a "Statement of Claim upon Relief," which lists plaintiff's New York "mailing address" and asserts, for the first time, that plaintiff

3

"resides" in West Virginia. Pl.'s Statement of Claim ¶ 1.b. (Dkt. #112). That document is formatted similarly to plaintiff's complaint and amended complaint, and lists substantially the same allegations and causes of action while reframing plaintiff's sexual-battery claim to assert that defendants "failed to protect plaintiff . . . from [Maldonado's and Alexander's] fabricated sexual offense[]" allegations. *Id.* ¶¶ N–TT.

## STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), a plaintiff must show that the Court has "the statutory or constitutional power to adjudicate" the action. *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 417 (2d Cir. 2015) (citation omitted). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). In deciding a Rule 12(b)(1) motion, the court "must take all facts alleged in the complaint as true." *Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (quoting *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000)). "But 'where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits.'" *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (brackets omitted) (quoting *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003)).

When a plaintiff is proceeding *pro se*, the complaint must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citations omitted). *Pro se* status, however, does not "exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470

4

F.3d 471, 477 (2d Cir. 2006) (per curiam) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## DISCUSSION

A federal district court's original subject-matter jurisdiction is limited to those claims that present federal questions, *see* 28 U.S.C. § 1331, or involve parties of diverse citizenship and damages that exceed $75,000, *see* 28 U.S.C. § 1332. *See Barber v. U.S. Attorney's Off. for N. Dist.*, 166 F. App'x 504, 505 (2d Cir. 2006) (citing *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 363 (2d Cir. 2000)). Considering plaintiff's various filings together, including his original complaint and amended complaint, *see, e.g.*, *Mendoza v. Edge*, 615 F. Supp. 3d 163, 166–67 (E.D.N.Y. 2022); *Ferrera v. Fisher*, No. 13-CV-3055 (PAE), 2014 WL 1303436, at *1 n.1 (S.D.N.Y. Apr. 1, 2014), plaintiff has not sufficiently alleged subject-matter jurisdiction under either basis. Accordingly, his amended complaint is dismissed, without leave to amend.

### I.     Federal-Question Jurisdiction

Plaintiff's amended complaint fails to establish federal-question jurisdiction.

Federal-question jurisdiction provides federal district courts with subject-matter jurisdiction over suits "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the well-pleaded complaint rule, "federal-question jurisdiction generally 'exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *State by Tong v. Exxon Mobil Corp.*, 83 F.4th 122, 132 (2d Cir. 2023) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). A complaint's facial assertion of a federal claim still fails to establish jurisdiction, however, if that claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly

5

insubstantial and frivolous." *Carlson v. Principal Fin. Grp.*, 320 F.3d 301, 306 (2d Cir. 2003) (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)).

The amended complaint fails to properly present a federal question. Plaintiff points to three potential bases for federal-question jurisdiction: the Treaty of Peace and Friendship of 1787, the Sixth Amendment, and the Fifth Amendment. *See* Am. Compl. 2, 7–8, ¶¶ 5–6; *see also* Resp. in Opp'n 3–4, 7, 9; Pl.'s Statement of Claim 8–9, 12; May 28, 2024 Resp. to Mot. 2, 5, 9–10; June 20, 2024 Resp. to Mot. 1. But plaintiff fails to present a substantial, non-frivolous federal claim. First, plaintiff's "effort to enforce" the treaty, Am. Compl. ¶ 5, does not raise "a substantial question of federal law" because, aside from a "passing reference" in the amended complaint, plaintiff never explains the treaty's relevance to his claims against defendants. *Ataroua v. Tamir*, No. 22-CV-10371 (LTS), 2022 WL 17822720, at *3 (S.D.N.Y. Dec. 19, 2022). Second, the Sixth Amendment's "right of confrontation does not apply in . . . civil action[s]," *Barclay v. New York*, 602 F. App'x 7, 13 (2d Cir. 2015), including the civil Section 3020-a proceeding underlying plaintiff's claims, *see* Am. Compl. 7–8, ¶¶ H, L. Third, the "Fifth Amendment's Due Process Clause protects" plaintiff "against only federal government actors, not State officials" or entities like defendants. *Mitchell v. Home*, 377 F. Supp. 2d 361, 372 (S.D.N.Y. 2005) (citing *Dusenbery v. United States*, 534 U.S. 161, 167 (2002)).

Moreover, it would be improper to construe the amended complaint to assert a Fourteenth Amendment due process claim under Section 1983. Plaintiff repeatedly disclaims any invocation of the Fourteenth Amendment, which he believes "was never ratified" and "does not apply to [him]." Am. Compl. 2–3, 9. And, as the Court has previously noted, prior cases have already held that substantially similar Section 1983 claims against these defendants would be barred by sovereign immunity and the statute of limitations. *See* Mem. & Order 6.

6

Because plaintiff's remaining claims "arise[] under state law," *id.* at 5–6, his amended complaint fails to establish federal-question jurisdiction under Section 1331.

## II. Diversity Jurisdiction

Plaintiff has also failed to establish diversity jurisdiction.

Federal district courts may exercise diversity jurisdiction over a claim where the amount-in-controversy "exceeds the sum or value of $75,000," and complete diversity of citizenship exists between all plaintiffs and all defendants. *See* 28 U.S.C. § 1332; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). The parties are considered diverse if the dispute is between "citizens of different States," 28 U.S.C. § 1332(a)(1), or between "citizens of a State and citizens or subjects of a foreign state," so long as the latter are not "lawfully admitted for permanent residence in the United States and are domiciled in the same State," *id.* at § 1332(a)(2). Diversity depends upon each parties' citizenship "at the time of the action brought." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004) (quoting *Mollan v. Torrance*, 22 U.S. (Wheat.) 537, 539 (1824)). "A person is deemed a citizen of the state wherein he or she is domiciled, . . . and establishing one's domicile in a state generally requires both physical presence there and intent to stay." *Universal Reinsurance Co., Ltd. v. St. Paul Fire & Marine Ins. Co.*, 224 F.3d 139, 141 (2d Cir. 2000).

Plaintiff fails to allege facts plausibly suggesting diversity of citizenship. The complaint and amended complaint suggest that defendants are citizens of New York. *See* Compl. ¶¶ 3–8; Am. Compl. 2, 6, 10; Mem. & Order 7. Plaintiff, in contrast, repeatedly disclaims United States citizenship and alleges that he is "Moorish American National" doing business in the "United States and New York State political zone." Am. Compl. 2–3, 6–7, 10–11. Plaintiff's "Allodial American National Identification Card" mirrors this allegation by describing plaintiff as a "Moor

7

American" and listing plaintiff's "Mailing Location" as being in New York. *Id.*, Ex. D. As this Court and others have repeatedly held, "plaintiff may not claim foreign citizenship simply because he identifies as a Moorish American National." *Powell Bey v. Campanelli*, No. 19-CV-5304 (RPK) (PK), 2020 WL 4451772, at *3 (E.D.N.Y. Aug. 3, 2020) (collecting cases).

Plaintiff has also failed to plausibly allege that he is a citizen of a state other than New York. The amended complaint repeatedly suggests that plaintiff is domiciled in New York—the same state as defendants' apparent citizenship—by claiming plaintiff is "doing business" in New York and listing plaintiff's mailing address in New York. *See* Am. Compl. 10–11, Ex. D. To be sure, plaintiff's "Statement of Claim upon Relief" now alleges that plaintiff "resides" out of state—in West Virginia—though it continues to provide plaintiff's New York mailing address. Pl.'s Statement of Claim ¶ 1.b. But plaintiff's reference to West Virginia is still inadequate to plead diversity of citizenship. Plaintiff alleges "only [his] residence, and not [his] citizenship []or domicile," *Jacobs v. Pat. Enf't Fund, Inc.*, 230 F.3d 565, 567 (2d Cir. 2000); *see Taldone v. Barbash*, No. 14-CV-2147 (SJF) (AKT), 2014 WL 1800794, at *6 (E.D.N.Y. May 5, 2014), and plaintiff's filings—which have repeatedly suggested that he lives in New York—do not plausibly allege that he *was* "a domiciliary or citizen of [West Virginia] at the time he commenced this action" in February 2023, *Davis v. Cannick*, No. 14-CV-7571 (SJF) (SIL), 2015 WL 1954491, at *3 (E.D.N.Y. Apr. 29, 2015); *see, e.g.*, *Jelen v. U.S. Marshals Serv.*, No. 18-CV-680 (WHP), 2020 WL 1503566, at *11–12 (S.D.N.Y. Mar. 30, 2020); *Reyes v. Sprint Holdings, LLC*, No. 17-CV-624 (MKB), 2018 WL 3369672, at *4–5 (E.D.N.Y. July 9, 2018).

Because plaintiff fails to adequately plead diversity of citizenship, his amended complaint is dismissed for lack of subject-matter jurisdiction.

8

### III. Denial of Leave to Amend

Plaintiff is denied leave to amend his complaint a second time. A court generally should grant leave to amend in the absence of "evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000). "When a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment." *Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257–58 (2d Cir. 2018) (quotation marks and citation omitted). The amended complaint is dismissed for substantially similar reasons as plaintiff's original complaint. And none of plaintiff's filings, including his "Statement of Claim upon Relief," suggest a second amended complaint would garner a different result. Accordingly, plaintiff is denied leave to further amend his amended complaint.

### CONCLUSION

This case is dismissed without prejudice and without leave to amend for lack of subject-matter jurisdiction. Accordingly, plaintiff's motion for summary judgment, *see* Mot. for Summ. J. (Dkt. #125), is denied, and all other pending motions are denied as moot. Although plaintiff paid the filing fee to bring the action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

        /s/ Rachel Kovner
        RACHEL P. KOVNER
        United States District Judge

Dated: January 2, 2025
      Brooklyn, New York